IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD LAMONT JONES,<br>Plaintiff, | ) | Civil Action No. 7:22-cv-00580 |
| | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Joel C. Hoppe<br>United States Magistrate Judge |
| C/O S. TABE, *et al.*,<br>Defendants. | ) | |

This case was filed by *pro se* Plaintiff Reginald Lamont Jones, formerly an inmate in the custody of the Virginia Department of Corrections. Plaintiff alleges one claim against David MacDonald, DO, and one claim against Officer Sheena Tabor. Dr. MacDonald moves to dismiss for failure to state a claim. ECF No. 19. Officer Tabor has moved to dismiss for failure to state a claim and, in the alternative, for summary judgment, which the Court will address separately. ECF No. 30. The parties consented to jurisdiction before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1). ECF No. 34.

For the reasons stated below, the court will grant Dr. MacDonald's motion to dismiss, but allow Plaintiff to amend his complaint. Further, the court will sever Plaintiff's claim against Officer Tabor from Plaintiff's claim against Dr. MacDonald. Accordingly, the Court will open a new action for Plaintiff's claim against Officer Tabor.

I. BACKGROUND

In his Amended Complaint, Plaintiff alleges that he was incarcerated at the Western Virginia Regional Jail. Am. Compl., ECF No. 11. He asserts two claims, one against Dr. MacDonald and one against Officer Tabor.[1]

[1] Plaintiff originally filed his complaint against the Jail and Wellpath's Health Services Director. (Dkt. No. 1.) The court issued an order advising plaintiff that this complaint did not state a claim against either of the

The allegations in the Amended Complaint are sparse. In his claim against Officer Tabor, Plaintiff alleges that he was in medical segregation and asked Officer Tabor to "plug the phone up" for him and told her where "all other officers plug it up at." Am. Compl. 2. Officer Tabor allegedly responded the phone does "not plug in there," to which Plaintiff said "yeah it is [sic]." *Id.* Plaintiff claims Officer Tabor got "mad," snatched the phone, and the phone hit Plaintiff in the face. *Id.*

In his claim against Dr. MacDonald, Plaintiff alleges that he had been asking Dr. MacDonald for his boot and a handicap cell since he arrived at the Jail and that Dr. MacDonald had taken Plaintiff's boot from him. Am. Compl. 2. Then, on an unidentified day, Plaintiff fell getting off the toilet. Plaintiff went to see the doctor (presumably Dr. MacDonald) who told him that plaintiff's ligaments are loose and he was going to give plaintiff an x-ray. Nevertheless, Dr. MacDonald gave him his boot back, but did nothing else. Plaintiff told Dr. MacDonald about his back and his leg popping, but Dr. MacDonald did nothing. *Id.*

Based on these allegations, Plaintiff requests that any doctor bill from his fall be paid, $150,000 for "both suits," and $50,000 for emotional harm. Am. Compl. 3.[2]

II. ANALYSIS

**A. Motion to Dismiss**

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When analyzing such a motion, the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.

---

named defendants and directing him to file an amended complaint naming each individual person that he believes violated his constitutional rights and clearly stating how each defendant violated those rights. Order at 2, ECF No. 9.

[2] On January 30, 2023, Plaintiff filed a submission stating that "the lowest" he would take now is $2.5 million, and he wanted $5 million for "both cases" for pain and suffering. ECF No. 16. To the extent that this filing is an attempt by Plaintiff to amend his complaint, this attempt is rejected because he did not seek leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2).

1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Deliberate Indifference—Inadequate Medical Care**

Liberally construed, plaintiff's Amended Complaint asserts a claim under 42 U.S.C. § 1983 against Dr. McDonald for deliberate indifference based on an allegation of inadequate medical care. "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018).[3] A

[3] It is unclear whether plaintiff was a pretrial detainee or a convicted felon at the time of the alleged incidents in the complaint. If the former, plaintiff's claims would arise under the Due Process Clause of the

constitutional violation occurs when "a prison official demonstrates 'deliberate indifference' to an inmate's serious medical needs." *Id.*

An Eighth Amendment claim of deliberate indifference has two components. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017). "The objective component of a deliberate indifference claim is satisfied by a serious medical condition." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). A serious medical condition is one that is "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.*

On the subjective component, deliberate indifference is "a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson*, 775 F.3d at 178. "In the context of a claim related to the denial of medical treatment or a delay in providing such treatment, 'a defendant acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and related risks, but nevertheless disregarded them.'" *Griffin v. Mortier*, 837 F. App'x 166, 170 (4th Cir. 2020) (quoting *Gordon*, 937 F.3d at 357). "The necessary showing of deliberate indifference can be manifested by prison officials in responding to a prisoner's medical needs in various ways, including intentionally denying or delaying medical care, or intentionally interfering with prescribed medical care."

Fourteenth Amendment rather than the Eighth Amendment. Nevertheless, the Fourth Circuit traditionally applies Eighth Amendment deliberate indifference precedents to claims involving allegations of inadequate medical care. *See Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021).

*Formica v. Aylor*, 739 F. App'x 745, 754 (4th Cir. 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).

Moreover, an inmate's mere disagreement with medical providers as to the proper course of treatment also does not support a claim under the deliberate indifference standard. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Rather, a prisoner-plaintiff must show that the medical provider failed to make a sincere and reasonable effort to care for the inmate's medical problems. *See Akinola v. Lavin*, Civil Action No. DKC-22-657, 2023 WL 3320937, at *4 (D. Md. May 9, 2023) (citing *Startz v. Cullen*, 468 F.2d 560, 561 (2d Cir. 1972)).

Plaintiff alleges that Dr. McDonald took away his boot, but he does not present any facts showing that he had a medical need for the boot. Plaintiff mentions a handicap cell, but he offers no reason that he required one or that Dr. McDonald had any role in assigning him to one. Plaintiff alleges that he fell off the toilet, but he does not identify any injury or impairment that he suffered from the fall. Plaintiff highlights issues with his "ligaments," but he does not specify where those ligaments are located, and he provides no detail about the extent or seriousness of this alleged condition. Considering these allegations, I find that the Amended Complaint lacks the details necessary for the Court to find that Plaintiff has plausibly alleged that he was suffering from an objectively serious medical condition.

Moreover, Plaintiff's allegations do not show that Dr. McDonald knew he had a serious medical condition and disregarded it. Dr. McDonald examined Plaintiff after his fall and determined that Plaintiff had "loose" ligaments. Plaintiff also complained about his "back and [his] leg popping." These sorts of vague complaints do not show a condition that obviously mandates treatment. Even so, Dr. McDonald returned Plaintiff's boot and, according to Plaintiff, ordered X-rays, which were not taken.

Plaintiff offers no context for the Court to plausibly infer that these actions, or inactions, were the result of any intentional wrongdoing as opposed to a reasonable medical judgment by Dr. MacDonald, or even negligence. The Fourth Circuit has stated that courts should "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . . [which] remains a question of sound professional judgment." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Plaintiff has not plausibly alleged that Dr. MacDonald acted with reckless disregard to plaintiff's medical conditions, *i.e.*, with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Finally, even assuming that plaintiff had stated a claim for deliberate indifference, his Amended Complaint fails to establish a causal link between Dr. MacDonald's actions and his alleged injuries. *See Porter v. Hamilton*, 1:20cv203 (RDA/IDD), 2022 WL 617616, at *3 (E.D. Va. Mar. 2, 2022) (citing *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)). "[C]onstitutional torts . . . require a demonstration of both but-for and proximate causation" and "intervening acts of other[s]" may "insulate" a defendant from liability, *Evans*, 703 F.3d at 647.

Plaintiff's response[4] does not provide any legal argument to refute the grounds for Dr. MacDonald's motion to dismiss. Instead, Plaintiff provides further factual detail purporting to support his claim against Dr. MacDonald. A party may not, however, amend his complaint in a brief in response to a motion to dismiss. *See So. Walk at Broadlands Homeowner's Ass'n, Inc. v.*

[4] Plaintiff filed two unsigned responses to Dr. MacDonald's motion. ECF Nos. 27, 29. Rule 11(a) of the Federal Rules of Civil Procedure requires pro se parties to sign every paper and "state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). The Rule further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). The court retains discretion to accept the unsigned filing, *see Waskey v. O'Neal*, Civil Action No. 8:18-cv-02824-PX, 2019 WL 2502389, at *2 (D. Md. June 17, 2019), and will do so here. The court does not perceive any prejudice to Dr. MacDonald, who has not objected or moved to strike the pleading. *See Steamship Trade Ass'n of Balt., Inc. v. Peters*, No. WDQ 09-109, 2009 WL 2924810, at *2 (D. Md. Sept. 9, 2009) (stating that a pleading or paper should not be stricken unless the failure to sign "severely prejudiced the opposing party").

*OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing."). Thus, although Plaintiff's additional assertions cannot defeat the motion to dismiss, they do warrant allowing Plaintiff to amend his claim against Dr. McDonald. For these reasons, Dr. MacDonald's motion to dismiss will be granted, and Plaintiff will be given one more opportunity to amend his claim against Dr. McDonald. *See* Fed. R. Civ. P. 15(a)(2).

### C. Severance

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). If parties are misjoined, Rule 21 of the Federal Rules of Civil Procedure allows the court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21. Here, the claims against Dr. MacDonald and Officer Tabor are misjoined. Plaintiff's claim against Dr. MacDonald for rendering inadequate medical care does not arise out of the same transaction or occurrence as Plaintiff's claim that Officer Tabor hit him on the face with a phone. Therefore, the Court will issue an order severing the two claims.

## III. CONCLUSION

For these reasons, the Court will grant Dr. MacDonald's motion to dismiss, allow Plaintiff leave to file a second amended complaint, and sever Plaintiff's claim against Officer Tabor from his claim against Dr. MacDonald. The Court will issue an appropriate order.

ENTER: September 20, 2023

Joel C. Hoppe
U.S. Magistrate Judge